870 F.2d 654
 10 U.S.P.Q.2d 2037
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
CONVENIENT FOOD MART, INC., an Illinois corporation,
Plaintiff-Appellant,
v.
6-TWELVE CONVENIENT MART, INC., a Maryland corporation, Aris
Mardirossian, Armen Mardirossian, Defendants-Appellees.
 No. 88-1321.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 9, 1989.
Decided Feb. 27, 1989.
 
 Robert J. Schechter (Koether, Harris & Hoffman on brief) for appellant.
 Anthony C. Epstein (Jenner & Block, Richard J. Magid, Whiteford, Taylor & Preston on brief) for appellee.
 Before HARRISON L. WINTER, Chief Judge, and ERVIN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal of an action brought to determine whether the term "convenient," as used in the trade names of plaintiff and defendant food stores, is protected by trademark law for plaintiff's exclusive use or is a term which is a common description of a type of retail service. Plaintiff Convenient Food Mart, Inc., one of the larger chains of convenience stores in the country, filed this action on May 26, 1987, against defendants 6-Twelve Convenient Mart, Inc. and Aris and Armen Mardirossian, president and vice-president of 6-Twelve, for trademark infringement and unfair competition. 6-Twelve is a small company headquartered in Gaithersburg, Maryland, with stores currently located in the Baltimore and Washington, D.C. areas.
 
 
 2
 In its action plaintiff asserted registration of its tradename and logotype as service marks on the Principal Register of the United States Patent and Trademark Office and similar registration of five trademarks for food products distributed through its store. Plaintiff claimed its marks had become incontestable as a matter of law and that it had the exclusive right to use "convenient" in its trade name. Plaintiff sought injunctive relief and treble damages. Defendants answered, raising the defense of fair use. Defendants also counterclaimed under federal and state law for cancellation of plaintiff's registered marks as generic.
 
 
 3
 Without reaching the fair use issue, the district court granted 6-Twelve's summary judgment motion holding that the term "convenient" in plaintiff's tradename is generic and that plaintiff's registered marks should be cancelled or modified. Convenient Food Mart, Inc. v. 6-Twelve Convenient Mart, Inc., 690 F.Supp. 1457, 1458 (D.Md.1988). Plaintiff appealed.
 
 
 4
 The district court based its decision on two grounds. First, the court reasoned that "[t]he fact that one generic term is prevalent in public usage does not preclude the Court from finding that the adjective equivalent of the term is also generic." Id. at 1462. It noted that plaintiff had not created "a protectible mark simply by using an adjective rather than the equivalent noun." Id. at 1463. Second, the court held, relying on dictionary definitions and the use of the term in the media, that " 'convenient' merely identifies each chain of stores as sharing a characteristic common to the class of retail establishments designed to be convenient for brief visits by customers, to be located conveniently, or to sell 'convenience foods.' " Id. As such, the court concluded "convenient" is a generic term.
 
 
 5
 Finding no error in its ruling, we affirm the judgment of the district court for the reasons stated in its comprehensive opinion.[1]
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 The district court stated that plaintiff "has indicated its preparedness for the court to resolve the genericness issue without reliance on survey evidence." 690 F.Supp. at 1461. Plaintiff's filing of a cross-motion for summary judgment, however, cannot be understood to indicate its agreement that a consumer survey was unnecessary. This point of procedure in no way affects our view that the judgment of the district court should be affirmed